IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA SANDOVAL,

    Plaintiff,

v.                                                                                    CIV. No. 14-904 WJ/GBW

UNITED STATES OF AMERICA,

    Defendant.

**ORDER DENYING MOTION FOR BAIL PENDING**
**POST-CONVICTION HABEAS REVIEW**

This matter is before the Court on Plaintiff's Motion for Bail Pending Post-Conviction Habeas Review.  *Doc. 9.*  Having reviewed the Motion, the Court finds that it should be denied.

"The Tenth Circuit has stated that '[t]o warrant release pending review of a petition for writ of habeas corpus, a defendant must demonstrate special circumstances or a high probability of success.'"  *United States v. Hughes-Boyles*, No. 12-40020-01, 2012 WL 5199757, at *2 (D. Kan. Oct. 22, 2012) (quoting *Barnett v. Hargett*, 166 F.3d 1220, at *1 (10th Cir. 1999)); *see also Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981).  This holds equally true whether the convicted defendant is challenging a federal or a state conviction.  *Id.*

Plaintiff's motion is slightly longer than one page and includes little argument other than his bare assertion that he is entitled to release pending review of his habeas petition. *See generally doc. 9.* He claims that he "has been convicted for conduct that does not constitute a federal attempted car jacking [sic] offense," and is therefore "entitled to bail pending the resolution of his actual innocence claim." *Doc. 9 at 1.* Plaintiff has not, however, explained how his case presents special circumstances, nor has he persuaded the Court that he is likely to prevail on the merits. Plaintiff's conclusory statements and assertions of innocence are insufficient to meet the high standard required to succeed on a motion for release pending habeas review.

Wherefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Bail (*doc. 9*), is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE