IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              No. CV 14-0904 WJ/GBW
                                                  CR 08-2717 WJ

JOSHUA SANDOVAL,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court *sua sponte*. By order entered on October 15, 2014 (CV Doc. 3; CR Doc. 74), the Court ordered Defendant to show cause why his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence should not be dismissed as untimely filed. In his Response (CV Doc. 8; CR Doc. 78), Defendant asserts that, because he is actually innocent of the criminal charges against him, the limitations period has not expired and his motion is timely.

    As noted in the order to show cause, the Court entered judgment (CR Doc. 58) on Defendant's conviction and sentence on March 8, 2011. On June 8, 2011, the Court of Appeals for the Tenth Circuit enforced Defendant's waiver of appeal rights in his plea agreement and dismissed his appeal. *See United States v. Sandoval*, 427 F. App'x 621, 624 (10th Cir. 2011). His conviction thus became final ninety days later in early September, 2011. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (ruling that conviction becomes final ninety days after court of appeals affirms); *and cf. United States v. Callejas*, 221 F. App'x 772, 773 (10th Cir. 2007) (comparing dismissal of certificate of appealability to affirmance in habeas proceeding) (dictum). More than three years later, on October 6, 2014, Defendant filed this motion under 28 U.S.C.

§ 2255.

The third count of the Indictment in this criminal proceeding charged Defendant with attempted carjacking. By plea agreement (CR Doc. 29), Defendant admitted attempting to carjack a vehicle. Under oath at the plea hearing (CR Docs. 27, 28, 43), he again admitted attempting to carjack a vehicle. Defendant then filed a motion to withdraw plea (CR Doc. 37) asserting, *inter alia*, his innocence of the charges against him. The Court denied the motion (CR Doc. 53). More than three years after his conviction became final, Defendant filed his § 2255 motion, claiming that ineffective assistance of counsel rendered his guilty plea involuntary. Defendant implicitly alleges that he only threatened, but did not attempt, to carjack, and thus he is innocent of the charged crime. He alleges that his attorney failed to explain the difference between threatening and attempting to carjack, causing him to plead guilty to a crime he did not commit. Although he acknowledges that he filed his § 2255 motion after expiration of the original one-year limitations period, Defendant asserts that, because of his claimed innocence, his motion is not barred by the limitations period.

Defendant's allegation of innocence is insufficient to avoid the limitations bar. "To establish actual innocence, a petitioner must demonstrate that 'it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.' " *United States v. Starr*, 275 F. App'x 788, 789 (10th Cir. 2008) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995). And as the Supreme Court noted recently, "[U]ntimeliness, although not an unyielding ground for dismissal of a petition, does bear on the credibility of evidence proffered to show actual innocence." *McQuiggin v. Perkins,* 133 S. Ct. 1924, 1935 (2013). Here, Defendant does not present new evidence: he simply alleges that "the evidence reveals that movant allegedly threatened to take a vehicle." This may be a new theory, but it is not new evidence.

"[Defendant's] information . . . was "substantially available to [him]," *id.* at 1936, when he pled guilty.

Defendant asserted his innocence even before he was sentenced or judgment was entered. In his § 2255 pleadings, therefore, as noted by the Tenth Circuit stated in a recent case, "[Defendant] did not present the district court with any new evidence of innocence. As a result, the district court concluded that [Defendant] had failed to satisfy his burden of proving actual innocence. This conclusion is not reasonably debatable in the absence of new evidence of innocence." *Grayson v. McCollum*, 594 F. App'x 556, 557 (10th Cir. 2015). Defendant has not even alleged new evidence, and his pleadings thus fail to present a basis for finding that his § 2255 motion was timely filed. *See McQuiggin*, 133 S. Ct. at 1936. The Court will dismiss Defendant's § 2255 motion as barred by the statute of limitations.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 73) is DISMISSED with prejudice as untimely filed; other pending motions are DENIED as moot; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE